**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No:**

Paul Martinka,

Plaintiff,

v.

Cark Ventures LLC f/k/a Libs of Tik Tok LLC,

Defendant.
_________________________________/

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Paul Martinka ("Plaintiff"), by and through his undersigned counsel, for his Complaint against defendant Cark Ventures LLC f/k/a Libs of Tik Tok LLC ("Defendant") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 et seq.

2. Plaintiff created a photograph of Daniel Penny being escorted in handcuffs from the New York City Police Department's 5th Precinct on May 12, 2023 (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant operates "Libs of TikTok," a social media and online publishing brand that publishes news and political commentary to over one million followers and monetizes that audience through, among other things, paid subscriptions, a newsletter, merchandise sales, and paid partnerships.

4. Defendant owns and operates the social media account @libsoftiktok on the X platform (formerly known as Twitter) at URL: https://x.com/libsoftiktok (the

SLG SANDERS · LAW GROUP ·

"*Account*").

5. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

7. Defendant is a Delaware limited liability company (File No. 6465268) formed on December 10, 2021 under the name Libs of Tik Tok LLC and since renamed Cark Ventures LLC. Defendant is registered with the Florida Department of State to transact business in Florida under its former name (Document No. M22000003312), with a principal place of business at 382 Northeast 191st Street, No. 97675, Miami in Miami-Dade County, Florida. Defendant has reported this address as its principal place of business in every filing with the Florida Department of State since July 21, 2023, including its most recent annual report, filed March 5, 2026.

SLG SANDERS · LAW GROUP ·

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

**A. Plaintiff's Copyright Ownership**

11. Plaintiff is an award-winning New York City photojournalist with more than three decades of experience covering breaking news, sports, entertainment, and public events, whose work earned Second Place in General News in the New York Press Photographers Association's 2017 photography contest (2016 Year in Pictures). Born in Czechoslovakia and entirely self-taught, Plaintiff has been a regular contributor to the New York Post since 2001, and his work has been published by TIME, Rolling Stone, People, Vanity Fair, Elle, and Der Spiegel and featured on programs including 60 Minutes, 20/20, ABC News, Entertainment Tonight, Inside Edition, and TMZ. In 2018, the Slovak Press Photo Foundation presented an exhibition of Plaintiff's selected works at its gallery in Bratislava, Slovakia.

12. Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

13. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

14. Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the Photograph that is the subject of this action.

15. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

16. Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

17. Plaintiff relies upon licensing revenue derived from the authorized use of his



SLG SANDERS LAW GROUP

photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

18. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

20. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

21. On May 12, 2023, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

22. Plaintiff published the Photograph by commercially licensing it to the New York Post, which published the Photograph on May 12, 2023, at URL: https://nypost.com/2023/05/12/daniel-penny-surrenders-to-police-in-fatal-chokehold-of-jordan-neely/, with a gutter credit identifying Plaintiff as the photographer.

23. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

24. On June 27, 2023, the Photograph was registered by the USCO under Registration No. VA 2-356-464.

25. The Photograph was registered within three months after its first publication and before Defendant's infringement commenced. Accordingly, Plaintiff may elect statutory damages and seek an award of attorney's fees. 17 U.S.C. §§ 412, 504(c), 505.

26. The Photograph was not a pool photograph. Plaintiff licensed the Photograph



SLG SANDERS LAW GROUP

to the New York Post and has not licensed it to any other person or entity.

27. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. <u>Defendant's Infringing Activity</u>**

28. Defendant is the registered owner of the Account and is responsible for its content.

29. Defendant is the operator of the Account and is responsible for its content.

30. The Account is a part of and used to advance Defendant's commercial enterprise.

31. Upon information and belief, Defendant monetizes the Account by offering paid subscriptions to the Account through X's subscription feature, and Defendant profits from these activities.

32. Upon information and belief, Defendant uses the Account to promote its newsletter and to solicit paid "Bookings" and "Partnerships," as advertised in the Account's profile, and Defendant profits from these activities.

33. Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

34. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Account in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

35. Upon information and belief, Defendant is a sophisticated media operation whose business consists of publishing news and commentary, including photographs, to an audience of over one million followers, in an industry in which the licensing of professional

SLG SANDERS · LAW GROUP ·

photography is commonplace.

36. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

37. As first published by the New York Post, the Photograph was accompanied by a gutter credit identifying Plaintiff as its author. Defendant displayed the Photograph without that credit or any other attribution to Plaintiff.

38. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

39. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

40. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

41. On or about December 14, 2024, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of an on-line social media post at URL: https://x.com/libsoftiktok/status/1868090125340782596 (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

42. Defendant uploaded the Photograph to X, causing a copy of the Photograph to be reproduced and stored at URL: https://pbs.twimg.com/media/GezKERPWwAAJ3X3?format=jpg&name=large.



SLG SANDERS LAW GROUP

43. In the Infringement, Defendant placed the Photograph beside a second image under the captions “How it started” and “How it's going,” using the Photograph for the same purpose for which it was created and licensed, namely, to depict Daniel Penny's arrest. Defendant reproduced the Photograph without alteration other than cropping, and Defendant's captions comment on Daniel Penny, not on the Photograph.

44. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

45. Plaintiff first observed the Infringement on August 19, 2025.

46. Defendant continued to display the Photograph on the Account after March 25, 2025, by which date Defendant, through counsel, had been notified of a separate claim by a professional photojournalist arising from Defendant's unauthorized display on the Account of a news photograph first published by the New York Post. The Photograph remained on public display on the Account at least through August 19, 2025.

47. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

48. The Infringement includes a URL (“*Uniform Resource Locator*”) that was accessible to the public and remained available for viewing for a non-transitory period of time.

49. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

50. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.



SLG SANDERS LAW GROUP

51. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

52. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

53. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

54. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

55. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

56. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

57. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

58. As of August 19, 2025, Defendant's post displaying the Photograph had been viewed approximately 1.6 million times and had received approximately 520 replies, 5,400 reposts, and 58,000 likes.



SLG SANDERS · LAW GROUP ·

59. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

60. Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c) but instead was affirmatively selected and published by Defendant and/or its Representatives.

61. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

62. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

63. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

64. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

65. Upon information and belief, Defendant monitors the content on its Account.

66. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

67. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

68. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user

SLG SANDERS · LAW GROUP ·

traffic, engagement, advertising impressions, and/or promotional exposure.

69. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

70. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

71. Defendant's use of the Photograph harmed the actual market for the Photograph.

72. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

73. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

74. On or about September 9, 2025, Plaintiff, through counsel, notified Defendant, through its counsel, of the infringing activity described herein, requested that Defendant produce any license authorizing its use of the Photograph, and, absent a license, demanded that Defendant cease its use of and remove the Photograph and contact Plaintiff's counsel to resolve its prior unauthorized use.

75. Thereafter, counsel for the parties corresponded regarding Plaintiff's claims through July 2026. Defendant then retained new counsel, who did not respond to Plaintiff's counsel's follow-up communications of July 30, 2026, August 4, 2026, and August 31, 2026.

76. Defendant has not identified any license for the Photograph and has not compensated Plaintiff for its use.

77. Upon information and belief, after receiving notice of Plaintiff's claims, Defendant removed the post containing the Infringement from the Account. However, the

SLG SANDERS · LAW GROUP ·

copy of the Photograph that Defendant uploaded to X remains publicly accessible at URL: https://pbs.twimg.com/media/GezKERPWwAAJ3X3?format=jpg&name=large. A screengrab of the Photograph at that URL, captured on November 3, 2026, is attached hereto as Exhibit 3. Defendant's removal of the post does not cure or excuse its unauthorized reproduction, display, and distribution of the Photograph.

78. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

79. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST CAUSE OF ACTION**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

80. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

81. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

82. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

83. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendant.

84. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights in his copyright.

85. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

SLG SANDERS · LAW GROUP ·

SLG SANDERS LAW GROUP

86. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

87. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for its infringement of the Photograph pursuant to 17 U.S.C. § 504(c).

88. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

89. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

90. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. §

504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for its infringement of the Photograph pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 23, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq. (Fla Bar 985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 132295

*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP